**E-FILED**
Friday, 29 May, 2015 03:21:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| YAPHET DAVIS, Plaintiff, | ) | |
| v. | ) | 15-1120 |
| SALVADOR GODINEZ, *et al.* Defendants. | ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Hill Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## FACTS

Plaintiff is an inmate at Hill Correctional Center ("Hill"). Plaintiff alleges that he suffers from hemorrhoids and has endured this medical condition for approximately two years. Beginning in December 2013 and continuing through July 2014, Plaintiff alleges he initially received treatment for his hemorrhoids from Defendant Bloomfield at Hill Correctional Center consisting of a prescribed high fiber diet, stool softeners, and hemorrhoid creams. Plaintiff alleges that this treatment was largely ineffective. Instead of alleviating the conditions, Plaintiff alleges that his symptoms got worse and that he continued to experience a great deal of pain. Upon being informed of this, Defendant Bloomfield referred Plaintiff to Defendant Sood, the prison's medical director. Plaintiff alleges Defendant Sood continued with the alleged ineffective treatment, and requests for specific medical treatment, including a request to be examined by an outside specialist, were denied. In response to his requests for surgery, Plaintiff alleges that Defendants Bloomfield and Sood told him that Wexford Health Services ("Wexford"), the company contracted by the Illinois Department of Corrections to provide medical treatment to inmates, would not pay for surgery for

a non-life-threatening condition as a matter of policy. Plaintiff alleges he sent letters to various administrators at Hill and Wexford regarding his treatment and filed administrative grievances related to his treatment, to no avail.

## ANALYSIS

To implicate an Eighth Amendment violation for inadequate medical care, the Plaintiff must allege that the prison official acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. Mayoral v. Sheehan, 245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegations of an ongoing and painful medical condition satisfy the first prong of the Eighth Amendment analysis. See Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir.1997) (a

medical condition is serious "where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." (citation omitted)). Plaintiff does not allege that he was denied medical treatment for this condition. Instead, he alleges that the treatment received was ineffective. Plaintiff alleges that his requests for specific medical treatment were denied and, therefore, the defendants violated the Eighth Amendment.

The Constitution does not require a specific course of medical treatment, nor does it require that an inmate receiving such treatment remain pain-free. Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). A mere disagreement with the course of medical treatment, standing alone, is not sufficient to raise constitutional concerns. Id. That said, "[a] significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010) (citations omitted); see also Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011) ("Delay in treating a condition that is painful even if not life-threatening may well constitute deliberate indifference…."

(citations omitted)). Thus, knowledge that a particular course of treatment is, or has been, ineffective could support a finding of deliberate indifference. On a more developed record, Plaintiff may not be able to prove that the refusal to authorize an examination by an outside specialist violated the Eighth Amendment. See Pyles v. Fahim, 771 F.3d 403, 411 (7th Cir. 2014) (authorization to visit a specialist is not required to render constitutionally acceptable medical care). At this stage in the proceedings, however, the Court cannot rule out a constitutional claim against Defendant Sood for deliberate indifference to a serious medical need. Defendant Bloomfield, the nurse practitioner, should be dismissed as nurses may generally defer to instructions given by a physician so long as the physician's order will not harm the patient. Berry, 604 F.3d at 443. Upon being informed of Plaintiff's concerns that the treatment was not working, Defendant Bloomfield referred Plaintiff to Defendant Sood for further examination. There is no evidence that Defendant Bloomfield ignored Plaintiff's condition or followed orders that would harm Plaintiff.

The allegations against Defendants Godinez, Akpore, and Lindorff require a different analysis. There are no allegations that

these defendants participated directly in Plaintiff's medical treatment. Insofar as Plaintiff alleges that these defendants failed to exercise their supervisory authority to remedy the alleged constitutional violations, Plaintiff does not state a claim under § 1983. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (a government official may not be held liable under § 1983 on a theory of respondeat superior, that is, for the unconstitutional acts of his or her subordinates). Nor do Plaintiff's claims survive on the basis that any of these defendants denied Plaintiff's grievances. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (ruling against a prisoner on an administrative complaint does not cause or contribute to a violation under § 1983). According to Plaintiff, his complaints regarding medical treatment were forwarded to the persons responsible for administering medical care, specifically Defendant Shicker, who responded to Plaintiff's concerns. In their respective capacities, Defendants Godinez, Akpore, and Lindorff are entitled to defer to the judgment of medical professionals at the prison so long as Plaintiff's concerns were not ignored which does not appear to be the case. Berry, 604 F.3d at 440. Perhaps Plaintiff's complaints fell upon the deaf ears of Wexford and its employees, but not upon the

administrators at IDOC, who appear to have properly forwarded all complaints to the medical professionals responsible for Plaintiff's care. Therefore, Defendants Godinez, Akpore, and Lindorff should be dismissed.

Though not named in the caption as a defendant, Plaintiff sufficiently alleges facts in the body of the Complaint that support a theory of § 1983 liability against Wexford. Wexford, as a private corporation, may be held liable if "the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself," but may not be held liable under a theory of respondeat superior. E.g. Shields v. Ill. Dept. of Corr., 746 F.3d 782, 789 (7th Cir. 2014) (citing Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982)). Plaintiff makes several allegations that medical staff at Hill could not recommend further treatment because Wexford had a policy in place that would not authorize (read: pay for) an outside specialist or surgery when the underlying condition was not life-threatening. Although the roles of Defendants Shicker and Funk are unclear as it relates to the promulgation and enforcement of the alleged policy, the Court cannot rule out a

constitutional claim against them at this time. Based on Plaintiff's allegations, Wexford should be added as a defendant.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claim: Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Sood, Shicker, Funk, and Wexford Health Services. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2) Clerk is directed to add Wexford Health Services as a defendant and attempt service through the normal procedure.**

**3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit**

any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to

and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is

**directed to sign and return the authorization to Defendants' counsel.**

12) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, <u>if not already done</u>, and to attempt service on Defendants pursuant to the standard procedures.**

ENTERED:     May 27, 2015

FOR THE COURT:

<div style="text-align:center">

_s/ Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE

</div>