UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| YAPHET DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 15-1120 |
| | ) |
| SALVADOR A. GODINEZ, *et al.* | ) |
| | ) |
| Defendants. | ) |

### **SUMMARY JUDGMENT OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Hill Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need. The matter comes before this Court for ruling on the Defendants' Motions for Summary Judgment. (Docs. 44, 50). The motions are granted.

### **LEGAL STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the

non-moving party, and all reasonable inferences must be drawn in his favor.  Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff was transferred to Hill Correctional Center ("Hill") from another prison in November 2013.  Defendants are employed in the following capacities:  Defendant Sood is a physician; Defendant Bloomfield is a nurse practitioner; Defendant Funk is the Regional Medical Director for Defendant Wexford Health Sources, Inc. ("Wexford"); Wexford is the company contracted to provide medical services to Illinois prisons; and, Defendant Shicker is the Medical Director for the Illinois Department of Corrections ("IDOC").

IDOC medical records show Plaintiff was treated once for hemorrhoids at Pontiac Correctional Center in 2011. (Doc. 51-4 at 7). Plaintiff was prescribed a hemorrhoid cream, and the records do not indicate that he received any further treatment. Records from Plaintiff's physical examination upon transfer to Menard Correctional Center in December 2011 show that Plaintiff did not indicate any ongoing medical complaints or medications. (Doc. 51-4 at 11). When Plaintiff was transferred to Hill in November 2013, he again indicated no current medical complaints. (Doc. 51-5 at 9). Plaintiff's records at that time indicated that he was taking several medications, none related to hemorrhoids. Id.

Plaintiff's next complaint of hemorrhoids, and his first at Hill, was in December 2013. Plaintiff reported bleeding, blood in stool, reduced frequency of bowel movements, and that he "has to push [the hemorrhoids] back in" after bowel movements. (Doc. 51-5 at 15). The nurse who examined Plaintiff did not observe external hemorrhoids or bleeding. Id. Plaintiff was prescribed fiber tabs and hydrocortisone cream (Anusol HC). Plaintiff was advised regarding medication, diet, and care of the affected area.

Plaintiff returned to nurse sick call on December 18, 2013. (Doc. 51-5 at 17). Plaintiff reported more frequent bowel movements, but that his hemorrhoids had not otherwise improved. The nurse who examined Plaintiff scheduled him to see the nurse practitioner or physician.

Defendant Bloomfield examined Plaintiff two days later. (Doc. 51-5 at 18). Defendant Bloomfield noted no external hemorrhoids and no lesions. She prescribed hemorrhoid cream, continued Plaintiff's fiber tabs, and diagnosed internal hemorrhoids. Plaintiff was scheduled for a follow-up appointment five (5) weeks later.

On January 13, 2014, Plaintiff reported the same symptoms to the nurse along with increases in pain and the amount of blood during bowel movements. (Doc. 51-6 at 1). Plaintiff was scheduled to see the nurse practitioner.

Defendant Bloomfield examined Plaintiff on January 22, 2014, noted Plaintiff's complaints, and scheduled Plaintiff to see the physician. Defendant Bloomfield also examined Plaintiff on January 24, 2014. She did not change her previous orders. Defendant Sood examined Plaintiff on January 29, 2014, and

prescribed Plaintiff Colace (a stool softener) and fiber tabs for 60 days. (Doc. 51-6 at 5-6).

Plaintiff did not return to healthcare regarding his hemorrhoids until April 8, 2014, when he requested more fiber tabs. (Doc. 51-6 at 12). Plaintiff reported he continued to suffer symptoms from internal hemorrhoids. Defendant Bloomfield continued Plaintiff's fiber tab prescription and scheduled Plaintiff to see Defendant Sood to discuss hemorrhoid treatment. On April 17, 2014, Defendant Sood prescribed Plaintiff hemorrhoid cream. Id. at 13.

From that point on, Plaintiff was not examined for hemorrhoids and the medical records disclose he requested continuation of the fiber tabs on five separate occasions (July 2014, August 2014, November 2014, March 2015, August 2015, and September 2015). Defendant Sood approved a request for Plaintiff to have an extra roll of toilet paper per week.

While receiving treatment, Plaintiff also sent letters to Salvador Godinez, the Director of the IDOC, and to Defendant Funk. Neither of these defendants examined Plaintiff or otherwise provided medical treatment.

The letter to Godinez was forwarded to Defendant Shicker, the IDOC Medical Director.  (Doc. 53 at 24).  Defendant Shicker responded in part: "It has been relayed to me that you are being seen and followed for this problem and that you are scheduled to be seen again in early August."  <u>Id.</u> at 39.  Defendant Shicker also stated that treatment for hemorrhoids is usually conservative and that Plaintiff should register further complaints through the grievance process.

Plaintiff described the same problems in his letter to Defendant Funk.  (Doc. 53 at 21).  Plaintiff did not receive a response to this letter.  Defendant Funk stated in his affidavit that he has no recollection of receiving this letter or having a conversation with Defendant Sood regarding Plaintiff's medical treatment, and that he has not seen any medical records that indicate he evaluated or visited with Plaintiff during the relevant time period.  (Doc. 53-13 at 2).

## ANALYSIS

Inmates are entitled to adequate medical care under the Eighth Amendment.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976).  To prevail, a plaintiff must show that the prison official acted with

deliberate indifference to a serious medical need.  Id. at 105.  The parties do not dispute that Plaintiff suffered from a serious medical need.  See King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) ("An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (internal quotations omitted)).

Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient.  McDonald v. Hardy, 821 F.3d 882, 888 (7th Cir. 2016) (citing Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014), and Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008)).  Rather, liability attaches when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Treatment decisions made by medical providers are a matter of professional discretion with which the courts will not interfere unless the evidence suggests that "'no minimally competent

professional would have so responded under those circumstances.'" Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2008) (quoting Collignon v. Milwaukee Cnty., 163 F.3d 982, 988 (7th Cir. 1998)). In other words, a medical professional is deliberately indifferent only if "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. (quoting same).

### Defendant Bloomfield

Upon initial examination, Defendant Bloomfield continued the medications Plaintiff had been prescribed, which included the same treatment that apparently resolved Plaintiff's initial complaints of hemorrhoids in 2011. Plaintiff had only been on the medications for two weeks and nothing suggests that evaluating the treatment over an additional 30 days was blatantly inappropriate. When Plaintiff continued to complain of the same symptoms, Defendant Bloomfield scheduled Plaintiff to see the physician.

Once Defendant Sood treated Plaintiff, Defendant Bloomfield was required to defer to the physician's orders. Berry v. Peterman, 604 F.3d 435, 443 (7th Cir. 2010) (nurses must "defer to treating

physicians' instructions and orders in most situations . . . [unless] it is apparent that the physician's order will likely harm the patient."). Nothing in the record suggests that Defendant Sood's treatment was likely to cause Plaintiff harm.

When Plaintiff returned in April 2014, Defendant Bloomfield again renewed the fiber tabs upon Plaintiff's request and scheduled Plaintiff to see Defendant Sood. The record discloses that Defendant Bloomfield addressed Plaintiff's complaints to the extent that she was able, and, where she could not, she scheduled Plaintiff to see the physician. Accordingly, the Court finds that no reasonable juror could conclude that Defendant Bloomfield was deliberately indifferent.

### Defendant Sood

Plaintiff argues that Defendant Sood was deliberately indifferent because Defendant Sood failed to order an examination by an outside specialist and because Defendant Sood continued in a course of treatment known to be ineffective.

"A prison physician is not required to authorize a visit to a specialist in order to render constitutionally acceptable medical care." Pyles v. Fahim, 771 F.3d 403, 411 (7th Cir. 2014). This

decision requires the exercise of medical judgment and failure to refer "supports a claim of deliberate indifference only if that choice is 'blatantly inappropriate.'" Id. (quoting Roe v. Elyea, 631 F.3d 843, 858 (7th Cir. 2011)). Refusal to refer supports an inference of deliberate indifference where "the need for specialized treatment either was known by the treating physicians or would have been obvious to a lay person...." Id. at 412.

The medical records available to Defendant Sood at the time of his first examination show only that Plaintiff was treated for hemorrhoids a couple years prior and that Plaintiff had recently received treatment for the same condition. The medical records do not indicate that Plaintiff suffered continuous symptoms from this condition. Defendant Sood did not simply persist in the same treatment Plaintiff had received from Defendant Bloomfield and other medical staff, he altered the treatment to include a stool softener. When Plaintiff returned for treatment, Defendant Sood prescribed hemorrhoid cream.

After Defendant Sood's second examination, the only time Defendant Sood had any involvement in Plaintiff's medical care for hemorrhoids was when Plaintiff requested an extra roll of toilet

paper.  The medical records disclose that, during the relevant time period, Plaintiff was receiving ongoing treatment for other conditions (high blood pressure) and that Plaintiff had made no complaints regarding his hemorrhoids other than to request more fiber tabs.

Plaintiff asserts that Defendant Sood should have provided other treatment, but Plaintiff has no constitutional right to demand specific treatment.  Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996).  To the extent that Plaintiff desired examination by an outside specialist, the record does not disclose any facts that would allow for an inference that such a referral was necessary.  Therefore, the Court finds that no reasonable juror could conclude that Defendant Sood was deliberately indifferent.

## Defendants Shicker, Funk, and Wexford

Plaintiff argues that Defendant Shicker and Defendant Funk should be held liable because they had knowledge of Plaintiff's condition, but they refused to order that Plaintiff be provided with what Plaintiff described generally as "adequate medical treatment." Plaintiff asserts these defendants had knowledge of his condition through letters Plaintiff sent, not through personal examination.

Written correspondence to supervisory officials may "establish a basis for personal liability under §1983 where the correspondence provides sufficient knowledge of a constitutional deprivation." <u>Perez v. Fenoglio</u>, 792 F.3d 768, 782 (7th Cir. 2015). Failure to exercise supervisory authority once alerted to an excessive risk to inmate safety or health may support a finding of deliberate indifference. <u>Id.</u>

Defendant Funk did not respond to Plaintiff at any time. Defendant Funk does not foreclose the possibility that he received Plaintiff's letter or discussed Plaintiff's treatment with Defendant Sood, but, nonetheless, states in his affidavit that he has no recollection of these events. (Doc. 51-13 at 2, ¶ 4).

Defendant Shicker, on the other hand, responded to the letter Plaintiff sent to Salvador Godinez, the IDOC Director. Defendant Shicker stated in his affidavit that, prior to responding, he inquired about Plaintiff's condition via email. (Doc. 45-1 at 2, ¶ 10). Hill's healthcare unit administrator told Defendant Shicker that Plaintiff had not submitted any requests for treatment in the month preceding the inquiry, Plaintiff's blood pressure was stable, and that Plaintiff was scheduled for a follow-up appointment in a couple of

days. Defendant Shicker's actions do not support an inference of deliberate indifference.

In addition, supervisory employees can only be held liable if "personally responsible for a deprivation of a constitutional right." Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1196). It does not follow that Defendant Shicker and Defendant Funk should be held liable where, as discussed above, the medical staff responsible for Plaintiff's care did not violate his constitutional rights.

For the same reason, Defendant Wexford cannot be held liable on the basis of an unconstitutional policy or practice. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); See Pyles, 771 F.3d at 412 (applying Heller). Therefore, the Court finds that no reasonable juror could conclude that Defendants Shicker, Funk, and Wexford violated Plaintiff's constitutional rights.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motions for Summary Judgment [44][50] are GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated, with the parties to bear their own costs. Plaintiff remains responsible for the $350.00 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:     December 8, 2016.

FOR THE COURT:

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE